**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL** |
| **VERSUS** | **NO. 92-583** |
| **JUAN ZUNIGA-HERNANDEZ** | **SECTION: A** |

## TRANSFER ORDER

Juan Zuniga-Hernandez, a federal prisoner, has filed a **Motion for Relief From Judgment Pursuant to Rule 60(b)(4)(6) (Rec. Doc. 125)**, in which he seeks habeas corpus relief in light of the Supreme Court's decision in <u>Watson v. United States</u>, 522 U.S. 74 (2007).[1] In April 1993, Petitioner pled guilty to four counts of criminal conduct, including the use of a machine gun in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). For this charge alone, Petitioner received an additional 30 years that ran consecutively with his other

---

[1] The instant motion suggests that Petitioner is challenging a ruling rendered in the Eastern District of Texas dismissing one of his § 2241 petitions. The Fifth Circuit affirmed that dismissal. <u>Zuniga-Hernandez v. Childress</u>, 205 Fed. Appx. 236 (5th Cir. 2006). After <u>Watson</u>, Petitioner filed a motion with the Fifth Circuit seeking to have the mandate recalled in light of <u>Watson</u> but the Fifth Circuit denied that request. Petitioner then filed a motion for rehearing and en banc consideration which the Fifth Circuit also denied. The Supreme Court then denied Petitioner's application for a writ of certiorari.
    Clearly, this Court has no authority to entertain a collateral attack on the proceedings that began in the Eastern District of Texas and concluded in the United States Supreme Court. Thus, the only judgment of this Court that Petitioner can challenge under Rule 60(b) is the denial of his first § 2255 motion from August 1995. But Petitioner is clearly attempting to re-raise before this Court issues that have already been rejected by the Fifth Circuit.

sentences.[2] Beginning with his direct appeal and continuing through a series of habeas petitions over the years, Petitioner has contended that his conduct--bartering drugs for weapons--did not constitute "use" of a weapon within the context of § 924(c)(1). See United States v. Zuniga, 18 F.3d 1254, 1257 (5th Cir. 1994); Zuniga-Hernandez v. Childress, No. 04-775, 2005 WL 1399721 (E.D. Tex. June 10, 2005); Zuniga-Hernandez v. Reese, No. 02-718, 2002 WL 31553539 (D. Minn. Nov. 14, 2002); Hernandez v. Gilkey, No. 99-974, 242 F. Supp. 2d 549 (S.D. Ill. 2001). The Supreme Court's Watson decision proved him correct.[3]

Petitioner previously filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence based on the gun charge. Relief was denied by the presiding judge and the Fifth Circuit affirmed. United States v. Hernandez, 79 F.3d 1144 (5th Cir. 1996). On May 24, 2006, Petitioner filed a motion to vacate

---

[2] Petitioner was sentenced to concurrent terms of 78 months on each of three of the counts and a consecutive 30-year sentence on the gun count. Petitioner is now serving time on the 30-year consecutive sentence.

[3] Watson held that a person does not "use" a firearm under § 924(c)(1)(A) when he *receives* it in trade for drugs. 522 U.S. at 586. In Smith v. United States, the Court had held that a person who trades *his firearm* for drugs "uses" it during and in relation to a drug trafficking offense within the meaning of § 924(c)(1). 508 U.S. 223 (1993). In affirming Petitioner's conviction, the Fifth Circuit interpreted Smith as applying to the situation where the offender receives the gun in trade, which is what Petitioner did, but Watson establishes that this interpretation was incorrect.

2

in this Court which was construed as a successive § 2255 motion. (Rec. Doc. 119). This Court transferred that motion to the Fifth Circuit which denied Petitioner authorization to file a successive § 2255 motion.[4] (Rec. Doc. 124).

In his present motion, Petitioner contends that Watson establishes that he never "used" a firearm and Petitioner goes on to argue that he never pled guilty to carrying a firearm during the drug crime. Although styled as a Rule 60(b)(6) motion, Petitioner seeks to vacate the remainder of his sentence based on a substantive change in the law. The Court construes Petitioner's present request for relief as a successive motion for relief as described in 28 U.S.C. §§ 2244 and 2255. See Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005); United States v. Rich, 141 F.3d 550, 551 (5th Cir. 1998), cert. den., 526 U.S. 1011 (1999).

In order to overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

---

[4] The Court surmises that Petitioner has styled the instant motion as one for Rule 60(b)(6) relief vis à vis the Eastern District of Texas judgment, see note 1 supra, out of concerns that the Fifth Circuit would once again be inclined to deny him authorization to proceed with a successive § 2255 motion. Regardless of the title given the motion, its substance determines whether authorization is required from the appellate court.

> 1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
>
> 2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this Court, the Petitioner must obtain certification from the United States Fifth Circuit Court of Appeals to file this second or successive motion by making a prima facie showing of the above listed requirements to that appellate court as required by § 2255. Until such time as Petitioner obtains said certification, this Court is without jurisdiction to proceed.

Accordingly;

**IT IS ORDERED** that Petitioner's motion be construed in part as a motion for certification for the district court to consider the second or successive claims raised therein;

**IT IS FURTHER ORDERED** that the **Motion to Supplement (Rec. Doc. 126)** filed by Petitioner is **GRANTED**;

**IT IS FURTHER ORDERED** that this motion be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to

determine whether defendant is authorized under 28 U.S.C. § 2244 and § 2255 to file the instant motion to vacate in this District Court.

    December 18, 2009

_____
UNITED STATES DISTRICT JUDGE